**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Nelson Estrada**, individually and on behalf of a class | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | CA No: 4:23-cv-2890 |
| v. | | |
| **American Police Officers Alliance** | | |
| Defendant | | |

**COMPLAINT - CLASS ACTION**

1. **INTRODUCTION**

    1.1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991 generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

    1.2. This action arises out of American Police Officers Alliance's ("Defendant"), practice of making prerecorded telemarketing calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

Class Action Complaint - P a g e | 1

1.3. Plaintiff has not provided Defendant prior express written consent to call his cellular telephones with an artificial voice or pre-recorded message.

1.4. Accordingly, Plaintiff bring this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. §§ 227(b).

## 2. Jurisdiction and Venue

2.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2.2. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

2.3. Venue is proper in this District because Defendant made calls into this District and some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## 3. Parties

3.1. Nelson Estrada (Plaintiff) is, and at all times mentioned herein was, a citizen and resident of Houston, Texas.

3.2. Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.3. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.4. Defendant is an organization that solicits donations. It has an address of 1655 Fort Myer Drive Suite 700, Arlington, VA 22209.

## 4. The Law Regarding Robocalls

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

5. **GENERAL FACTUAL ALLEGATIONS**

    5.1. Defendant, or someone acting on its behalf and at its direction, makes calls using an artificial or prerecorded voice to solicit donations.

    5.2. Upon information and belief, Defendant, or someone acting on its behalf and at its direction, utilizes "soundboard technology" when making the calls.

    5.3. Because these calls were made with an artificial or prerecorded voice and made to cell phones, the calls violate the TCPA.

6. **PLAINTIFF'S FACTUAL ALLEGATIONS**

    6.1. Plaintiff is the owner and user of a cellular telephone number 281-315-0020.

    6.2. Plaintiff's cellular telephone number 281-315-0020is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

    6.3. Plaintiff received telephone calls from Defendant in which Defendant used soundboard technology which uses artificial or prerecorded voices.

    6.4. Plaintiff received the following calls that each used the soundboard technology which

uses artificial or prerecorded voices.

1. 07/16/2022, 2:35pm CST, from (illegally spoofed) number, 281-747-8020
2. 11/29/2022, 10:29pm CST, from (illegally spoofed) number, 844-989-5124
3. 12/01/2022, 2:03pm CST, from (illegally spoofed) number, 888-910-6791
4. 01/05/2023, 9:49am CST, from (illegally spoofed) number, 877-664-1351
5. 01/13/2023, 7:10pm CST, from (illegally spoofed) number, 844-499-2096

6.5. Plaintiff received Defendant's telephone calls on his cellular number 281-315-0020 as described herein.

6.6. On January 13, 2023, at 7:10 pm Plaintiff received a call from Defendant.

6.7. Plaintiff spoke with Defendant's agent. Defendant's agent used soundboard technology during the call. The soundboard technology used a prerecorded voice.

6.8. The purpose of the call was to solicit donations.

6.9. Plaintiff did not provide prior express written consent (or any consent) to Defendant for this or any telephone call.

7. **Defendant's Liability**

    7.1. Because Defendant's call was made with a prerecorded voice, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

    7.2. Plaintiff never provided Defendant with any consent, written or otherwise.

    7.3. Accordingly, Defendant's call to Plaintiff using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

    7.4. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

    7.5. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

8. **Article III Standing**

8.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686, 690 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

8.1.1. Plaintiff's privacy was invaded by Defendant;

8.1.2. Plaintiff was harassed and abused by Defendant's telephone call;

8.1.3. Defendant's call was a nuisance to Plaintiff;

8.1.4. Plaintiff's phones was unavailable for other use while processing the illegal call from Defendant;

8.1.5. Defendant illegally seized Plaintiff's telephone line while it made illegal the illegal call to Plaintiff's cellular telephone;

8.1.6. Plaintiff's telephone line was occupied by the unauthorized call from Defendant;

8.1.7. Defendant's' seizure of Plaintiff's telephone line was intrusive; and

8.1.8. Plaintiff was inconvenienced by Defendant's call, by among other things, having to listen to the prerecorded message.

8.2. These forms of actual injury are sufficient for Article III standing purposes.

9. **CLASS ACTION ALLEGATIONS**

9.1. Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as follows:

9.1.1. All persons and entities throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, (3) with an artificial or prerecorded voice, (4) from August 7, 2019, through the date of class certification.

9.2. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

9.3. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

9.4. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

9.4.1. The time period(s) during which Defendant placed its calls;

9.4.2. The telephone numbers to which Defendant placed its calls;

9.4.3. The telephone numbers for which Defendant had prior express written consent; and

9.4.4. The names and addresses of Class members.

9.5. The Class is comprised of hundreds, if not thousands, of individuals.

9.6. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

9.6.1. Whether Defendant (or someone acting on its behalf) used an artificial or pre-recorded voice in placing its calls;

9.6.2. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

9.6.3. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

  9.6.4. Whether Defendant should be enjoined from engaging in such conduct in the future.

9.7. Plaintiff is a member of the Class in that Defendant placed one or more calls using an artificial or prerecorded voice to Plaintiff's cell phones.

9.8. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

9.9. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

9.10. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

9.11. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

9.12. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

9.13. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

9.14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

9.15. Common questions will predominate, and there will be no unusual manageability issues.

**10. FIRST CAUSE OF ACTION -Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiff and the Class**

10.1. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

10.2. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Plaintiff's and Class Members' cellular telephone numbers without prior express written consent.

10.3. Defendant has therefore violated 47 U.S.C. § 227(b).

10.4. As a result of Defendant's unlawful conduct, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

10.5. Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**11. PRAYER FOR RELIEF**

11.1. **WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

11.1.1. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing their counsel as Class Counsel;

11.1.2. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b);

11.1.3. An award of statutory damages;

11.1.4. An award of treble damages;

11.1.5. An award of reasonable attorneys' fees and costs; and

11.1.6. Such other and further relief that the Court deems reasonable and just.

## 12. JURY DEMAND

12.1. Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

s/ Max S. Morgan
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(*Pro Hac Vice* forthcoming)

**Attorneys for Plaintiff**